UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMONTAY HARVEY, #894692,

        Petitioner,

v.                                          CASE NO. 2:17-CV-13498
                                            HONORABLE NANCY G. EDMUNDS

DEWAYNE BURTON,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

    The Court has before it Michigan prisoner Damontay Harvey's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner did not pay the required $5.00 filing fee when he instituted this action, nor did he submit an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. The Court, therefore, issued a deficiency order on October 31, 2017 requiring Petitioner to either pay the filing fee or submit a properly completed *in forma pauperis* application. The order provided that if he did not do so within 21 days, his case would be dismissed. The time for submitting the filing fee or required information has elapsed and Petitioner has failed to correct the deficiency.

    Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petition. This case is **CLOSED**. Should Petitioner wish to seek federal habeas relief, he must file a new

habeas case with payment of the filing fee or an *in forma pauperis* application. This case will not be reopened.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2017